## In re WALTHER.

(District Court, S. D. New York. August 5, 1899.)

BANKRUPTCY—OPPOSITION TO DISCHARGE—INSUFFICIENT SCHEDULES.

Where the bankrupt, previous to the adjudication, had acted as administratrix of her husband's estate, and had mingled property of her own with the property of such estate, it is her duty, in the bankruptcy pro-

ceedings, to present a correct and intelligible statement of her affairs, showing clearly what property her husband left, what she added thereto, and the disposition made of each class of property, and thereupon to account for the property that should inure to the benefit of her creditors. Until she does this, her discharge will be withheld.

In Bankruptcy.   On application of the bankrupt for discharge.

Hoffman & Hoffman, for bankrupt.

Mr. Cohn  and Friend, House & Grossman, for creditors.

THOMAS, District Judge.   After her husband's death, the bankrupt, as administratrix, took possession of her husband's stock of goods, and thereafter purchased other goods.   In her schedules she included as creditors the persons from whom she made the additional purchases, but did not include any part of the goods thus purchased, although she mentioned certain outstanding accounts.   She sold the stock of goods to a creditor of her husband in consideration of the discharge of such creditor's debt against her husband's estate, although there were other creditors of such estate.   It is urged in her behalf that these goods were solely the goods belonging to the husband's estate.   No books are produced, no statement of the goods left by her husband is made, no enumeration of the items of stock sold by her is offered, and no evidence of the disposition of the goods purchased by her is forthcoming.   She evidently has a mere general knowledge of the facts, as it appears she left the entire conduct of the business to her stepson.   The schedules may be correct, but her oath, however honestly intended, has no probative force.   She has cast the whole matter of her estate and distinguishment of the same from her husband's estate upon the bankruptcy court, and is contented to allow the officers of the court to pursue and find the truth, if they may. Such a burden does not rest upon the court or its officers.   It is the duty of the bankrupt to present an intelligent and true statement of her affairs, to show clearly what goods her husband left, what she added and commingled with the same, and the disposition made of each class of property, and thereupon to account for the property that should inure to the benefit of her creditors.   The court will not permit her to plead ignorance, and assert that she acted through agents, and that all detailed knowledge rests with such agents, and that the court must look to such source for information.   She, at a recent time, had property.   What has she done with it?   If she cannot, through herself or others, make the explanation, her discharge should be withheld.   It is not the duty of the court to secure order from the present confusion, and it will not attempt a task that is imposed upon the bankrupt.   Proceedings for the discharge will be continued to the 16th day of October next.   If meantime the bankrupt shall have presented schedules showing her actual property, and all of the same, and shall have enumerated fully and correctly her debtors and creditors, and shall have satisfactorily explained by her books and papers or other evidence what the different classes of property that have come into her possession comprised, and what disposition she has made of the same, she should be discharged; otherwise, the discharge should be denied.